■ DAVID CHRISTIAN, as Administrator of the Estate of DARRYL CHRISTIAN, Deceased, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant.—Judgment, Supreme Court, Bronx County, entered April 16, 1979, in favor of plaintiff-respondent, after jury verdict, reversed, on the law, and the complaint dismissed, without costs. The facts, so far as relevant, may be simply stated. A subway train entered a station near a high school and stopped, taking on a throng of students. The conductor, from his position approximately amidships, observed that the platform was clear and closed the doors. Signalled automatically by the closing, the motorman gradually put the train into motion. Before it had cleared the platform entirely, a passenger witness, seated three or four cars from the train's rear, felt a jerk —not of sufficient strength to move anyone in his seat—and heard a yell, apparently emanating from the platform, to "stop the train!" He rose and pulled the emergency chain a few steps away, stopping the train abruptly. There was a thud from an unidentified source. The conductor descended to the track and found plaintiff-respondent's decedent's body, horribly injured, between the platform and the track. There was no other evidence bearing on the tragedy: nothing whatever to establish a link between the young man's condition and any cause; nothing to establish how he had come to the place where he was found, or, indeed, where he had been before the accident. This was surprisingly so in light of the fact that the decedent remained alive and communicative for about a month before his death. We apply to no avail the favorable rules applicable to death cases (see, e.g., *Cruz v Long Is. R. R. Co.*, 28 AD2d 282; *Noseworthy v City of New York*, 298 NY 76; *Gonzalez v Concourse Plaza Syndicates*, 31 AD2d 401).* In each of these

---

* "There were no eyewitnesses to the striking of the decedent by defendant's engine and 'the law recognizes that plaintiff will have to establish fault by a showing of various circumstances from which a jury can draw fair and reasonable conclusions.' (*Wragge v. Lizza Asphalt Constr. Co.*, 17 N Y 2d 313, 320.) In determining whether questions of fact were presented for determination by the jury, the proof 'must be judged in the light of these four well-established principles: (1) that the plaintiff is "not held to as high a degree of proof * * * as where an injured plaintiff can himself

cases, however, the plaintiff established some causal connection between negligence and injury, whether by direct or circumstantial evidence. Here there was not a shred of evidence, direct or circumstantial, either of negligence or some breach of duty on the part of defendant or any employee. A prima facie case was not established and the case should not have gone to the jury. Concur—Fein, J. P., Sullivan, Markewich, Lupiano and Bloom, JJ.

---

describe the occurrence"; (2) that the "evidence adduced at the trial is to be considered in the aspect most favorable to plaintiff", who "is entitled to the benefit of every favorable inference which can reasonably be drawn from the evidence"; (3) that the burden is on the defendant to establish the decedent's contributory negligence, and (4) that "if any possible hypothesis based on the evidence forbids the imputation of fault to the deceased, as matter of law, the question is for the jury" (Andersen v. Bee Line, 1 N Y 2d 169, 172)' " (Cruz v Long Is. R. R. Co., supra, p 283).

"In a death case a plaintiff is not held to as high a degree of proof of the cause of action as where an injured plaintiff can himself describe the occurrence". (Noseworthy v City of New York, supra, p 80.)

"Since this is a death action plaintiff is not held to as high a degree of proof as where an injured plaintiff can himself describe the occurrence." (Gonzalez v Concourse Plaza Syndicates, supra, p 404.)