■ WILLIAM THOMAS, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [599 NYS2d 127] —In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated June 3, 1991, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On March 25, 1986, at approximately 7:20 P.M., the plaintiff was struck by a New York City Transit Authority (hereinafter Transit Authority) subway train as it began entering the Utica Avenue Station in Brooklyn. The train operator did not see anyone jump or see anyone pushed in front of the train. The train came to an emergency stop when it was approximately three car lengths into the station. There were no eyewitnesses. The plaintiff claims to have no recollection of the events immediately preceding the accident.

After he was struck by the train, the plaintiff was found by Transit Authority personnel lying under the fourth car, parallel to the tracks between the running rail and the platform. The plaintiff's theory of liability is that he had walked between the third and fourth cars, possibly to urinate, and fell to the tracks because the Transit Authority failed to have safety chains properly in place.

Following completion of discovery, the Transit Authority moved for summary judgment, claiming that the plaintiff's theory of liability was based on pure speculation. The Supreme Court denied the motion, finding that it "cannot state with certainty that an issue of fact does not exist as to whether unlatched safety chains on the platform side of [the subway] cars * * * caused the plaintiff's accident". We now reverse and grant summary judgment in favor of the defendant Transit Authority.

The Transit Authority's submissions in support of its motion for summary judgment satisfy the prima facie showing re-

quired to warrant judgment in its favor as a matter of law, if not rebutted by the plaintiff *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 325). That the Transit Authority relies heavily on the plaintiff's own deposition testimony and his inability to remember the details surrounding the happening of the accident does not defeat its right to summary judgment *(see, Olan v Farrell Lines,* 64 NY2d 1092, 1093). Under the circumstances, the plaintiff was required to lay bare his proof in opposition to the motion and demonstrate the existence of a triable issue of fact *(see, Fileccia v Massapequa Gen. Hosp.,* 63 NY2d 639, *affg* 99 AD2d 796). We conclude that the plaintiff failed to meet that burden.

Cases grounded on wholly circumstantial evidence require a showing of sufficient facts from which the negligence of the defendant and the causation of the accident by that negligence can be reasonably inferred. The law does not require the plaintiff's proof to exclude every other possible cause of the accident, other than the defendant's negligence. However, the record must render the other possible causes sufficiently remote to enable the trier of fact to reach a verdict based upon the logical inferences to be drawn from the evidence, not upon speculation *(see, e.g., Spett v President Monroe Bldg. & Mfg. Corp.,* 19 NY2d 203, 205; *Johnson v New York City Tr. Auth.,* 129 AD2d 424, 425-426).

The evidence in the record here is insufficient to make out a prima facie case of negligence against the defendant Transit Authority. The evidence at best allows an inference that the plaintiff was on the train just prior to the accident, and that one of the safety chains between cars three and four was not properly in place. However, the evidence does not establish that the plaintiff fell, or that the accident would have been prevented if the chain had been in place. It is just as likely that the accident was caused by the plaintiff jumping off the train or being pushed, in either case precluding a finding of liability against the defendant Transit Authority *(cf., Heyward v New York City Tr. Auth.,* 76 AD2d 880, *affd* 52 NY2d 846; *Christian v New York City Tr. Auth.,* 74 AD2d 751, *affd* 52 NY2d 920). The plaintiff was required to come forward with prima facie evidence of the defendant's negligence and causation, even though he allegedly has no memory of the facts underlying the accident. His failure to come forward with such evidence in opposition to the defendant's motion requires that summary judgment be granted, and the complaint dismissed *(see, Smith v Stark,* 67 NY2d 693, 695). Bracken, J. P., O'Brien, Ritter and Copertino, JJ., concur.