■ Francis J. Palestrini, Jr., Respondent, v New York City Health & Hospitals Corporation, Appellant. [618 NYS2d 83] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Garry, J.), entered June 23, 1992, which, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $350,000.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

The plaintiff failed to present evidence sufficient to establish that the defendant had actual or constructive notice of the coffee spilled on the floor of its lobby, with the result that the defendant cannot be held liable for the injuries that the plaintiff incurred when he allegedly slipped and fell on it (see, e.g., Anderson v Klein's Foods, 73 NY2d 835, rearg denied 73 NY2d 918; Batiancela v Staten Is. Mall, 189 AD2d 743; Pirillo v Longwood Assocs., 179 AD2d 744; Shildkrout v Board of Educ., 173 AD2d 603). Contrary to the plaintiff's contention, his witness, David Carey, who testified that he did not see any coffee spilled in the lobby during the 30 to 40 minutes that he sat there—and, indeed, that he never saw the coffee on the floor at all until after the plaintiff had fallen on it—did not establish constructive notice (see, Shildkrout v Board of Educ., supra). Thompson, J. P., Sullivan, Friedmann and Krausman, JJ., concur.