■ MATTHEW R. BRADISH et al., Appellants, v TANK TECH CORP., Defendant and Third-Party Plaintiff-Respondent. HERITAGE DEVELOPMENT GROUP, INC., Third-Party Defendant-Respondent. [628 NYS2d 807] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Rockland County (Miller, J.), dated January 14, 1994, which, *inter alia,* granted the motion of the defendant for summary judgment dismissing the complaint, and (2) a judgment of the same court entered March 1, 1994, which, *inter alia,* dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed

because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

While engaged in his duties as construction superintendent for Heritage Development Group, Inc. (hereinafter Heritage), the plaintiff Matthew Bradish was injured when he slipped in a puddle of oil and fell on a concrete floor. Just before he fell, Bradish heard a clanking noise and saw a can owned by Heritage on the floor with oil pouring out. The defendant Tank Tech Corp. (hereinafter Tank Tech) was engaged as an independent contractor to perform tests on underground oil tanks about 50 feet away from the premises. An extension cord owned by Heritage was plugged into an outlet above a workbench, and extension cords belonging to Tank Tech were plugged into that extension cord to power its instruments. The plaintiffs' theory of liability is that someone tripped on or pulled the extension cord owned by Heritage causing a can of oil which had been on the workbench to fall to the floor.

To prove a prima facie case of negligence in a slip and fall case, a plaintiff is required to show that the defendant created the condition which caused the accident or that the defendant had actual or constructive notice of the condition *(see, Gaeta v City of New York,* 213 AD2d 509; *Pirillo v Longwood Assocs.,* 179 AD2d 744). Cases grounded on circumstantial evidence require a showing of sufficient facts from which the negligence of the defendant and the causation of the accident by that negligence can be reasonably inferred *(see, Schneider v Kings Highway Hosp. Ctr.,* 67 NY2d 743; *Thomas v New York City Tr. Auth.,* 194 AD2d 663). The trier of fact must reach its conclusion based upon logical inferences drawn from the evidence, not upon speculation *(see, Thomas v New York City Tr. Auth., supra; Fleming v Kings Ridge Recreation Park,* 138 AD2d 451).

The plaintiffs failed to establish a prima facie case of negligence and causation. Viewing the evidence in the light most favorable to the plaintiffs, and assuming that all of the circumstantial facts they allege are true, there is no evidence in the record that anyone tripped over or yanked the extension cord, or that such action would have caused the cord to knock the can to the floor. The evidence does not establish that Matthew Bradish's fall was caused by any negligence on the part of Tank Tech. In light of the plaintiffs' failure to come forward with evidence of negligence and causation in opposition to

Tank Tech's motion for summary judgment, the Supreme Court properly dismissed the complaint *(see, Ellis v County of Albany,* 205 AD2d 1005; *Thomas v New York City Tr. Auth., supra).* Thompson, J. P., Pizzuto, Santucci and Florio, JJ., concur.