■ VICTORIA WEST, Respondent, v GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., Appellant. [686 NYS2d 92] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered July 2, 1998, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

Where the defendant has established its entitlement to summary judgment as a matter of law in a slip and fall case involving debris on a supermarket floor, "the plaintiff must demonstrate that the defendant either created the allegedly dangerous condition [that caused the accident] or had actual or constructive notice of it" (*Panzella v Shop Rite Supermarkets,* 238 AD2d 490; *see also, Piacquadio v Recine Realty Corp.,* 84 NY2d 967; *Wauters v Shop Rite,* 244 AD2d 404; *Gass v Inserra Supermarkets,* 243 AD2d 609; *Palestrini v New York City Health & Hosps. Corp.,* 208 AD2d 818; *Kaufman v Man-Dell Food Stores,* 203 AD2d 532). Moreover, "[t]o constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the] defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History,* 67 NY2d 836, 837; *Negri v Stop & Shop,* 65 NY2d 625; *Wauters v Shop Rite, supra*; *Katsoris v Waldbaum, Inc.,* 241 AD2d 511, 512; *Markowitz v Supermarkets Gen. Corp.,* 237 AD2d 493, 494).

Here, the plaintiff's submissions failed to establish the existence of material issues of fact with respect to her claim that the substance on the floor of the defendant's supermarket existed for a sufficient length of time prior to the accident in order to have permitted the defendant's employees to discover and remove it (*see, Palestrini v New York City Health & Hosps. Corp., supra*; *Wauters v Shop Rite, supra*; *Markowitz v Supermarkets Gen. Corp., supra*). Miller, J. P., Thompson, Friedmann and Florio, JJ., concur.