■ JUDITH M. GREENBERGER, Respondent, v PHILIP'S FREEPORT ASSOCIATES et al., Appellants. [717 NYS2d 319] —In an action to recover damages for personal injuries, etc., the defendant Philip's Freeport Associates appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Lally, J.), dated December 3, 1999, as denied its cross motion, *inter alia,* for summary judgment dismissing the complaint insofar as asserted against it and the defendant Melmarkets, Inc., separately appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying the motion of the defendant Melmarkets, Inc., and substituting therefor a provision granting that motion, and (2) deleting the provision thereof denying that branch of the cross motion which was for summary judgment dismissing the complaint insofar as asserted against the

defendant Philip's Freeport Associates and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, with one bill of costs payable to the appellants, and the complaint is dismissed.

The evidence submitted by the defendants in support of their respective motion and cross motion established a prima facie case that they did not create the alleged hazardous condition, and did not have either actual or constructive notice of it (*see*, CPLR 3212 [b]). The burden then shifted to the plaintiff to come forward with sufficient evidence to raise a triable issue of fact as to whether the defendants created or had actual or constructive notice of the hazardous condition (*see*, *West v Great Atl. & Pac. Tea Co.*, 259 AD2d 485; *see generally*, *Alvarez v Prospect Hosp.*, 68 NY2d 320).

The plaintiff contends that the defendants had constructive notice of the condition. In order to raise a triable issue of fact that the defendants had constructive notice of the condition, the plaintiff had to demonstrate that the defect was visible and apparent and existed for a sufficient length of time to permit the defendants' employees to discover and remedy it (*see*, *Gordon v American Museum of Natural History*, 67 NY2d 836, 837). Here, the plaintiff's submissions failed to establish the existence of a triable issue of fact with respect to her claim that the substance on the ramp outside the supermarket in question existed for a sufficient length of time before the accident to have permitted the defendants to discover and remove it (*see*, *West v Great Atl. & Pac. Tea Co.*, supra; *Palestrini v New York City Health & Hosps. Corp.*, 208 AD2d 818). Therefore, the defendants are entitled to summary judgment dismissing the complaint. S. Miller, J. P., Goldstein, H. Miller and Smith, JJ., concur.