■ HELEN CONSIDINE, Appellant, v CARLO CINGANELLI et al., Respondents, et al., Defendant. [721 NYS2d 373] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated March 15, 2000, as granted the motion of the defendant United Steel Products, Inc., and the separate motion of the defendants Carlo Cinganelli, Antoinette Cinganelli, and 118-17 Liberty Avenue Management Corp., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motions are denied, and the complaint insofar as asserted against the defendants Carlo Cinganelli, Antoinette Cinganelli, 118-17 Liberty Avenue Management Corp., and United Steel Products, Inc., is reinstated.

The plaintiff allegedly was injured when she tripped and fell over construction debris on a sidewalk in front of premises owned by the defendants Carlo Cinganelli, Antoinette Cinganelli, and 118-17 Liberty Avenue Management Corp. (hereinafter the Cinganelli defendants), where the defendant United Steel Products, Inc., was performing work. Contrary to the conclusion reached by the Supreme Court, there are triable issues of fact as to whether those defendants created the alleged defective condition. In opposition to the motions for summary judgment, the plaintiff demonstrated sufficient " 'facts and conditions from which the negligence of the defendant[s] and the causation of the accident by that negligence may be reasonably inferred' " (*Schneider v Kings Highway Hosp. Ctr.,* 67 NY2d 743, 744). Accordingly, the Supreme Court erred in granting the motion of the defendant United Steel Products, Inc., and the separate motion of the Cinganelli defendants for

summary judgment dismissing the complaint insofar as asserted against them. Ritter, J. P., Altman, Friedmann and Smith, JJ., concur.