■ CAROL DIXON, Appellant, v MARILYN LICHTMAN, Respondent. [742 NYS2d 906] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Harkavy, J.), dated July 9, 2001, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff commenced this action to recover damages for personal injuries she sustained when she slipped and fell on a spilled substance, which she believed to be soap, on the floor of the defendant's premises. "It is well settled that in order '[t]o prove a prima facie case of negligence in a slip and fall case, a plaintiff is required to show that the defendant created the condition which caused the accident or that the defendant had actual or constructive notice of the condition' " (*Goldman v Waldbaum, Inc.,* 248 AD2d 436, 437, quoting *Bradish v Tank Tech Corp.,* 216 AD2d 505, 506).

The plaintiff failed to rebut the defendant's prima facie showing, in support of her motion for summary judgment, that she neither created, nor had actual or constructive notice of, the

hazardous condition. We reject the plaintiff's contention that her description of the spill as "dry, gluey" and as changing color, raised an issue of fact regarding constructive notice (*see Bashaw v Rite Aid of N.Y.*, 207 AD2d 632; *Pirillo v Longwood Assoc.*, 179 AD2d 744, 745). Ritter, J.P., Smith, Luciano and Crane, JJ., concur.