■ SANDRA A. LAMONT, Appellant, v LANE BRYANT, INC., Doing Business as LANE BRYANT STORES, et al., Respondents, and E.C. PROVINI CO., INC., Defendant and Third-Party Plaintiff-Respondent. LIMITED STORES PLANNING, INC., et al., Third-Party Defendants; CHARMING SHOPPES, INC., Third-Party Defendant-Respondent. [821 NYS2d 893]—

In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated March 7, 2005, which granted that branch of the motion of the defendant Lane Bryant, Inc., doing business as Lane Bryant Stores, and the third-party defendant Charming Shoppes, Inc., which was for summary judgment dismissing the action insofar as asserted against the defendant Lane Bryant, Inc., doing business as Lane Bryant Stores, and the defendant third-party plaintiff, granted that branch of the separate motion of the defendant third-party plaintiff which was for summary judgment dismissing the action insofar as asserted against it, and granted that branch of the separate motion of the defendant Abbot & Abbot Architects, PLL, which was for summary judgment dismissing the action insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff alleged that she was injured when she tripped on a "bump" in the middle of the base of a pedestrian ramp at a retail store operated by the defendant Lane Bryant, Inc., doing business as Lane Bryant Stores. The ramp was designed by the defendant Abbot & Abbot Architects, PLL, and installed by the defendant third-party plaintiff, E.C. Provini Co., Inc.

The defendants and the third-party defendant Charming Shoppes, Inc., made an initial showing of entitlement to summary judgment by submitting evidence that the defendants neither created the bump nor had actual or constructive notice of its existence (*see Marino v Stop & Shop Supermarket Co.*, 21

AD3d 531, 532 [2005]; *see also Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]). In response, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact as to whether the defendants created (*see Sanchez-Acevedo v Mariott Health Care Serv.*, 270 AD2d 244 [2000]; *Bradish v Tank Tech Corp.*, 216 AD2d 505, 506 [1995]), or had actual or constructive notice of the defect (*see Gordon v American Museum of Natural History, supra* at 837-838; *Stone v Long Is. Jewish Med. Ctr.*, 302 AD2d 376, 377 [2003]).

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Santucci, Skelos and Covello, JJ., concur.