■ CAREN HAGGERTY, Respondent, v STEPHEN ZELNICK et al., Appellants. [888 NYS2d 903]—

The Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. In response to the defendants' prima facie demonstration of their entitlement to judgment as a matter of law, the plaintiff submitted evidence sufficient to raise triable issues of fact (*see Bard v Jahnke*, 6 NY3d 592, 596-597 [2006]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The complete deposition transcripts of the plaintiff and her boyfriend submitted by the plaintiff in opposition to the motion provided sufficient circumstantial evidence to raise a triable issue of fact as to whether the plaintiff had been kicked by the horse at issue (*see generally Schneider v Kings Hwy. Hosp. Ctr.*, 67 NY2d 743 [1986]; *Garrido v International Bus. Mach. Corp. [IBM]*, 38 AD3d 594, 596 [2007]; *Lerner v Luna Park Hous. Corp.*, 19 AD3d 553 [2005]; *Sweeney v D & J Vending*, 291 AD2d 443 [2002]). The plaintiff, who did not recall the incident, stated that she entered a paddock to walk the horse back to the stall. According to the plaintiff's boyfriend, he arrived at the scene immediately after he heard a thud, and found the plaintiff lying unconscious on the ground and bleeding from the mouth and the nose with a few missing lower teeth, and the subject horse rearing and kicking nearby. Additionally, the plaintiff raised triable issues of fact as to whether the horse

had vicious propensities and, if so, whether the defendants knew or should have known of the horse's vicious propensities (*see Bard v Jahnke*, 6 NY3d at 596-597; *Collier v Zambito*, 1 NY3d 444, 446 [2004]; *Campbell v City of New York*, 31 AD3d 594, 595 [2006]). The defendants' contention that the action is barred by the doctrine of assumption of risk is without merit (*see Roe v Keane Stud Farm*, 261 AD2d 800, 801 [1999]). Fisher, J.P., Covello, Santucci and Balkin, JJ., concur.