■ FRANK A. BETTINESCHI et al., Respondents, v HEALY ELECTRIC CONTRACTING, INC., Defendant/Third-Party Plaintiff-Appellant-Respondent. BELLWAY ELECTRICAL, Third-Party Defendant-Appellant. [902 NYS2d 597]—

In an action to recover damages for personal injuries, etc., the defendant Healy Electric Contracting, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Spinola, J.), dated August 10, 2009, as denied its motion for summary judgment dismissing the complaint, and the third-party defendant Bellway Electrical separately appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed, with one bill of costs to the plaintiffs-respondents.

The data control center of the injured plaintiff's workplace was being updated by the defendant Healy Electric Contracting, Inc. (hereinafter Healy), and the third-party defendant, Bellway Electrical (hereinafter Bellway), with fiber optic and copper cables placed in channels under the floor. The floor was covered with 18-inch square tiles approximately 15 inches above the subfloor, which were removed as needed in order to access the channels below. The injured plaintiff fell into an opening left by the removal of several tiles.

To prove a prima facie case of negligence in a case based on a hazardous condition, a plaintiff is required to show that the defendant created the condition which caused the accident or that the defendant had actual or constructive notice of the condition

(*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Lamont v Lane Bryant, Inc.*, 33 AD3d 669, 669-670 [2006]; *Bradish v Tank Tech Corp.*, 216 AD2d 505, 506 [1995]). Cases grounded on circumstantial evidence require a showing of sufficient facts from which the negligence of the defendant and the causation of the accident by that negligence can be reasonably inferred (*see Schneider v Kings Hwy. Hosp. Ctr.*, 67 NY2d 743 [1986]; *Haggerty v Zelnick*, 68 AD3d 721 [2009]; *Garrido v International Bus. Mach. Corp. [IBM]*, 38 AD3d 594 [2007]; *Bradish v Tank Tech Corp.*, 216 AD2d at 506; *Thomas v New York City Tr. Auth.*, 194 AD2d 663, 664 [1993]).

Here, the defendant Healy failed to establish, prima facie, its entitlement to judgment as a matter of law by tendering sufficient evidence to eliminate material issues of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). In light of circumstantial evidence regarding the access of Healy employees to the data control center for the purpose of installing cables prior to or on the date of the injured plaintiff's fall, Healy failed to eliminate triable issues of fact as to whether it created or had actual or constructive notice of the hazardous condition (*see Schneider v Kings Hwy. Hosp. Ctr.*, 67 NY2d 743 [1986]; *Haggerty v Zelnick*, 68 AD3d at 721; *Garrido v International Bus. Mach. Corp. [IBM]*, 38 AD3d at 596).

Similarly, in light of records of the individuals with access to the data control center around the time the injured plaintiff fell, the third-party defendant Bellway failed to eliminate all triable issues of fact as to whether it created the condition or had actual or constructive notice of it. Thus, Bellway failed to establish, prima facie, its entitlement to judgment as a matter of law (*id.*). As Healy and Bellway failed to satisfy their prima facie burdens, their respective motions for summary judgment were properly denied, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853). Prudenti, P.J., Angiolillo, Balkin and Chambers, JJ., concur.