■ VICKIE GOLISANO et al., Respondents, v KEELER CONSTRUCTION Co., INC., et al., Appellants. [905 NYS2d 396]—

Appeals from an order of the Supreme Court, Orleans County (James H. Dillon, J.), entered February 6, 2009 in a personal injury action. The order, insofar as appealed from, denied the motion of defendant Upstate Utilities, Inc. and the cross motion of defendant Keeler Construction Co., Inc. for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Vickie Golisano (plaintiff) when she tripped on a stone that was approximately two inches in diameter while crossing a street. Plaintiffs alleged that the stone was construction debris left in the street as a result of a massive road construction project pursuant to which both defendants had contracted to perform work. Defendants moved and cross-moved, respectively, for summary judgment dismissing the complaint against them, each contending that it was not working in the area of plaintiff's fall in the days before plaintiff's accident and that, in any event, neither owed plaintiff a duty of care. We conclude that Supreme Court properly denied the motion and cross motion.

In support of its motion, defendant Upstate Utilities, Inc. (Upstate) submitted evidence establishing that it was performing work in the area of plaintiff's fall before the date of the accident and that part of its work involved the use of two-inch crusher stone. Upstate also submitted evidence that defendant

Keeler Construction Co., Inc. (Keeler) had worked in the area in question within three to four days before plaintiff's fall and that Keeler had also used two-inch crusher stone. In addition, in support of its cross motion, Keeler submitted evidence establishing that its employees were working in the location of plaintiff's fall within days of the fall. We thus conclude that defendants themselves raised an issue of fact whether they were responsible for construction debris in the area (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

We further conclude that neither defendant established as a matter of law that it did not owe a duty to plaintiff. Although plaintiff was a noncontracting third party with respect to defendants' construction contracts, defendants may still be liable if, "in failing to exercise reasonable care in the performance of [their] duties, [they] 'launche[d] a force of instrument of harm' " (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]; *see Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]), or otherwise made the construction area "less safe' than before the construction project began" (*Timmins v Tishman Constr. Corp.*, 9 AD3d 62, 67 [2004], *lv dismissed* 4 NY3d 739 [2004], *rearg denied* 4 NY3d 795 [2005]). We conclude that there are issues of fact whether the two-inch crusher stone used by both defendants, when left in the middle of the road, constituted a force or instrument of harm or otherwise made the area less safe than before the construction project began, to establish a duty to plaintiff (*see e.g. Schosek v Amherst Paving, Inc.*, 11 NY3d 882 [2008]; *Cornell v 360 W. 51st St. Realty, LLC*, 51 AD3d 469, 470 [2008]; *cf. Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d 253, 257-258 [2007]). Present—Smith, J.P., Lindley, Sconiers, Pine and Gorski, JJ.