In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief and oral argument, from (1) so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated March 26, 2009, as granted that branch of the motion of the defendants Downstate Internal Medicine Associates and Jason M. Lazar which was for summary judgment dismissing the cause of action sounding in negligence insofar as asserted against them, and (2) so much of an order of the same court dated April 7, 2009, as granted that branch of the motion of the defendant Diana “Doe” which was for summary judgment dismissing the cause of action sounding in negligence insofar as asserted against her.
Ordered that the orders are affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff allegedly fractured her wrist while attempting to climb onto an examining table at the defendant Downstate Internal Medicine Associates (hereinafter Downstate), located in the nonparty SUNY Downstate Medical Center. According to the plaintiff, she stepped onto a stool to climb onto the examining table, and the heel of her shoe became caught in a hole in the stool. While the defendant Jason M. Lazar, the physician who was to meet with the plaintiff, was not present at the time of the plaintiffs fall, the defendant Diana “Doe,” a physician’s assistant, was in the room at the time. The plaintiff commenced *552 this action to recover damages for personal injuries. The Supreme Court granted the motion of the defendants Downstate and Lazar, and the separate motion of the defendant Diana “Doe,” for summary judgment dismissing the complaint insofar as asserted against them. We affirm the orders insofar as appealed from.
In connection with the plaintiffs cause of action sounding in negligence, on their separate motions for summary judgment dismissing the complaint insofar as asserted against them, the defendants established, prima facie, that they neither created nor had actual or constructive notice of the defective condition that allegedly caused the plaintiff to fall and sustain injuries (see Stile v Jen Mar. Dev., LLC, 69 AD3d 707, 707 [2010]; Powell v Pasqualino, 40 AD3d 725, 725 [2007]; Greenberger v Philip’s Freeport Assoc., 278 AD2d 275, 276 [2000]; see generally Gordon v American Museum of Natural History, 67 NY2d 836 [1986]; Bettineschi v Healy Elec. Contr., Inc., 73 AD3d 1109 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff’s remaining contentions are without merit. Skelos, J.E, Angiolillo, Dickerson arid Leventhal, JJ., concur.