(January 25, 2011)

EDWARD L. BODENMILLER, Respondent, v THERMO TECH COMBUSTION, INC., Appellant. [915 NYS2d 312]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Whelan, J.), dated April 9, 2010, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

During the 12-day period between December 19 and December 30, 2005, the defendant, Thermo Tech Combustion, Inc., pursuant to a contract with the Suffolk County Department of Public Works, removed six oil burners from, and installed new gas burners and a hot water heater in, a boiler room located in the headquarters building of the Suffolk County Police Department's Marine Bureau. On January 9, 2006, the plaintiff, a Suffolk County police officer, allegedly was injured when he slipped down steps in the building's rear stairwell, which was directly beneath the boiler room. Thereafter, he commenced this action against the defendant, alleging that he slipped on a mixture of oil and water that had dripped through a hole in the boiler room floor to the stairwell below, and that the defendant created the dangerous condition by negligently performing its contractual obligations. After discovery was completed, the defendant moved for summary judgment dismissing the complaint. It argued, inter alia, that it had no duty to the plaintiff and had not created the condition that allegedly caused his injuries. The Supreme Court denied the motion, and the defendant appeals.

Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138-139 [2002]; *Schwint v Bank St. Commons, LLC*, 74 AD3d 1312, 1313 [2010]). Nevertheless, a party contracting to render services may become liable in tort to a third party when, as alleged here, it negligently creates or exacerbates a dangerous condition (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 141-142). Here, the defend-

ant established its prima facie entitlement to judgment as a matter of law by submitting evidence that in its performance of its contractual obligations it did not create or exacerbate a dangerous condition in the stairwell (*id.*; *see Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 213-214 [2010]; *Grob v Kings Realty Assoc.*, 4 AD3d 394, 395 [2004]). The plaintiff, however, submitted sufficient circumstantial evidence to raise a triable issue of fact as to whether the defendant created the allegedly dangerous condition that caused his injuries (*see Lackowitz v City of Yonkers*, 29 AD3d 744 [2006]; *Sweeney v D & J Vending*, 291 AD2d 443, 443-444 [2002]; *cf. Grob v Kings Realty Assoc.*, 4 AD3d at 395). Therefore, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Balkin, Belen and Austin, JJ., concur.