■ MARK DUNLEAVY, Appellant, v WILLIAM TUTTLE et al., Respondents. [922 NYS2d 178]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated October 20, 2009, as granted the separate motions of the defendant William Tuttle and the defendant Riley The Roofer & Siding for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them are denied.

On the morning of July 29, 2006, the employees of the defendant Riley The Roofer & Siding (hereinafter the contractor) performed repairs to the roof of a house owned by William Tuthill, sued herein as William Tuttle. In order to obtain a reduced price for the repair work, Tuthill agreed to clear his yard of the debris generated by the project, which included scraps of shingles and packaging materials. The repair work was completed between 11:00 A.M. and noon, and Tuthill remained at the premises to clean up debris for approximately two hours after the contractor's employees left. At approximately 2:15 P.M., the plaintiff, who leased the house from Tuthill, exited through the back door of the house and tripped and fell over a three-foot-long metal object, which appeared to be a bracket for a television antenna. At his deposition, the plaintiff testified that the bracket was on the roof of the house prior to the date of his accident. However, Tuthill maintained at

his deposition that the contractor did not remove any type of appurtenance from the roof, that the subject bracket had never been on the roof of his house, and that he had never seen this object prior to the accident. In addition, the contractor's foreman testified at his deposition that he did not recall seeing an antenna on the roof, and that if he had seen this object in front of a door providing ingress to and egress from the house, he would have removed it even though Tuthill had agreed to clean up roofing debris. The contractor and Tuthill separately moved for summary judgment dismissing the complaint insofar as asserted against each of them, relying primarily upon the deposition testimony of the parties. The Supreme Court granted the defendants' respective motions, and we reverse.

Although a contractual obligation standing alone does not generally give rise to tort liability in favor of a third party, a contractor can be held liable to a third party if it negligently creates a dangerous condition by launching a force or instrument of harm (see Espinal v Melville Snow Contrs., 98 NY2d 136, 141-142 [2002]; Bodenmiller v Thermo Tech Combustion, Inc., 80 AD3d 719 [2011]; George v Marshalls of MA, Inc., 61 AD3d 925, 928 [2009]). Here, the contractor failed to make a prima facie showing that it did not create a dangerous condition. The depositions of the parties revealed that there are triable issues of fact as to whether the metal bracket which caused the plaintiff's fall was on the roof before the contractor performed its repair work, and whether the contractor's employees were working on the portion of the roof where the bracket was allegedly located. Furthermore, in view of the plaintiff's deposition testimony that the bracket was on the roof prior to the date that the repair work was performed, and testimony indicating that the contractor's employees may have been working on the portion of the roof where the bracket was allegedly located, there is sufficient circumstantial evidence to raise a triable issue of fact as to whether the contractor's employees removed the bracket from the roof and discarded it in front of the rear door of the house, thus creating the allegedly dangerous condition which caused the accident (see Bodenmiller v Thermo Tech Combustion, Inc., 80 AD3d 719 [2011]; Golisano v Keeler Constr. Co., Inc., 74 AD3d 1915 [2010]; Bettineschi v Healy Elec. Contr., Inc., 73 AD3d 1109, 1110 [2010]; George v Marshalls of MA, Inc., 61 AD3d at 929; Considine v Cinganelli, 280 AD2d 635 [2001]).

Similarly, in light of the conflicting deposition testimony, Tuthill failed to eliminate all triable issues of fact as to whether he created or had actual or constructive notice of the alleged

dangerous condition, and thus breached his obligation to maintain his property in a reasonably safe condition (*see Bradley v DiPaterio Mgt. Corp.*, 78 AD3d 1096 [2010]; *Andrini v Navarra*, 49 AD3d 575, 576 [2008]). Dillon, J.P., Florio, Balkin and Eng, JJ., concur.