In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Sampson, J.), dated June 8, 2012, as granted that branch of the motion of the defendant Barbaro Electric Co., Inc., which was for summary judgment dismissing so much of the complaint as alleged common-law negligence insofar as asserted against it.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Barbaro Electric Co., Inc., which was for summary judgment dismissing so much of the complaint as alleged common-law negligence insofar as asserted against it is denied.
On November 12, 2006, the plaintiff, a sewage treatment worker employed by the Department of Environmental Protection (hereinafter DEP), was performing maintenance at a sewage facility when he slipped on a piece of threaded rod and fell, *729 sustaining injuries. The plaintiff subsequently commenced this action against, among others, the defendant Barbaro Electric Co., Inc. (hereinafter Barbaro Electric), an electrical contractor working in the location where the plaintiffs accident occurred. The plaintiff alleged in the complaint, inter alla, that Barbaro Electric created or exacerbated an alleged dangerous condition. At an examination before trial, the plaintiff stated that, before his accident, he observed a gang box belonging to Barbaro Electric and a trash can containing cut pieces of threaded rod about 5 to 10 feet from where his accident occurred. The general foreman of Barbaro Electric initially testified at his examination before trial that Barbaro Electric was not using threaded rod on that particular job. However, when he was later asked whether Barbaro Electric was using threaded rod in the location where the plaintiff fell four days before the accident occurred, he stated that he did not know. The foreman also testified that there was another electrical contractor working in the area where the plaintiff fell. However, the plaintiff stated that the other contractor’s employees were working about 200 feet away from where his accident occurred.
Following discovery, Barbaro Electric moved, inter alla, for summary judgment dismissing so much of the complaint as alleged common-law negligence insofar as asserted against it, relying primarily upon the deposition testimony of the parties. The Supreme Court granted that branch of Barbaro Electric’s motion.
Although a contractual obligation, standing alone, does not generally give rise to tort liability in favor of a third party, a contractor can be held liable to a third party if it negligently creates a dangerous condition by launching a force or instrument of harm (see Espinal v Melville Snow Contrs., 98 NY2d 136, 141-142 [2002]; Dunleavy v Tuttle, 83 AD3d 995, 996 [2011]; Bodenmiller v Thermo Tech Combustion, Inc., 80 AD3d 719, 719 [2011]; George v Marshalls of MA, Inc., 61 AD3d 925, 928 [2009]). Here, Barbaro Electric failed to make a prima facie showing that it did not create the alleged dangerous condition. The examination before trial of its general foreman revealed that Barbaro Electric might have been using threaded rod in the area where the plaintiffs accident occurred, four days prior to the accident. Furthermore, the plaintiffs testimony established that he observed a gang box belonging to Barbaro Electric 5 or 10 feet from where his accident occurred, and he did not see any other contractors working in the immediate vicinity. This testimony revealed the existence of a triable issue of fact as to whether Barbaro Electric had used threaded rod and failed *730 to remove it from the floor, and had thus created the allegedly dangerous condition which caused the plaintiffs accident (see Dunleavy v Tuttle, 83 AD3d at 996; Bodenmiller v Thermo Tech Combustion, Inc., 80 AD3d at 719; Bettineschi v Healy Elec. Contr., Inc., 73 AD3d 1109, 1110 [2010]; George v Marshalls of MA, Inc., 61 AD3d at 928).
Barbaro Electric’s failure to make a prima facie showing of its entitlement to judgment as a matter of law required the denial of that branch of its motion which was for summary judgment dismissing so much of the complaint as alleged common-law negligence insofar as asserted against it, regardless of the sufficiency of the opposing papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Keese v Imperial Gardens Assoc., LLC, 36 AD3d 666, 667-668 [2007]). In light of our determination, we need not address Barbaro Electric’s remaining contention. Dillon, J.E, Hall, Austin and Sgroi, JJ., concur.