Simion v Franklin Ctr. for Rehabilitation & Nursing, Inc. (2018 NY Slip Op 00184)





Simion v Franklin Ctr. for Rehabilitation & Nursing, Inc.


2018 NY Slip Op 00184


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2015-09985
 (Index No. 701888/14)

[*1]Constantin Simion, et al., respondents, 
v
Franklin Center for Rehabilitation & Nursing, Inc., appellant.


Caitlin Robin and Associates, PLLC, New York, NY (Kevin Volkommer and Gayle Halevy of counsel), for appellant.
Bader & Yakaitis, LLP, New York, NY (Michael Caliguiri of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Nahman, J.), entered September 21, 2015, which denied its motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff Constantin Simion (hereinafter the plaintiff), a resident at the defendant nursing facility, allegedly was injured when he slipped and fell on water on the floor near the sink in his room. The plaintiff claimed that the defendant negligently created the condition when one of its nurses spilled water on the floor while giving the plaintiff's roommate a bed bath shortly before the plaintiff fell. The plaintiff, and his wife suing derivatively, commenced this action against the defendant to recover damages allegedly caused by the defendant's negligence. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion.
"In a [slip]-and-fall case, a defendant may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall" (Buglione v Spagnoletti, 123 AD3d 867, 867). "However, that a defective or dangerous condition was the proximate cause of an accident can be established in the absence of direct evidence of causation and may be inferred from the facts and circumstances underlying the injury" (id.). "Cases grounded on circumstantial evidence require a showing of sufficient facts from which the negligence of the defendant and the causation of the accident by that negligence can be reasonably inferred" (Bettineschi v Healy Elec. Contr., Inc., 73 AD3d 1109, 1110). "However, the record must render the other possible causes sufficiently remote to enable the trier of fact to reach a verdict based upon the logical inferences to be drawn from the evidence, not upon speculation" (Thomas v New York City Tr. Auth., 194 AD2d 663, 664; see Bradish v Tank Tech Corp., 216 AD2d 505).
In moving for summary judgment, the defendant argued, inter alia, that there was no evidence that water was on the floor. In support of its motion, the defendant submitted, inter alia, [*2]the plaintiff's deposition testimony, in which he testified that a nurse washes his roommate every morning, he has personally observed water spill on the floor when that happens, and he has complained about such condition at least 10 times in the past. The plaintiff further testified that he heard his roommate being cared for and someone walking back and forth from the sink to his roommate that morning, and that the roommate's shirt was wet after the accident. Such evidence, although circumstantial, permits a reasonable inference that the nurse washed the plaintiff's roommate that morning and spilled water on the floor, which proximately caused the plaintiff to fall (see Quiroz v 176 N. Main, LLC, 125 AD3d 628; Dunleavy v Tuttle, 83 AD3d 995; Bettineschi v Healy Elec. Contr., Inc., 73 AD3d 1109). Accordingly, the defendant failed to meet its prima facie burden on its motion for summary judgment, and the Supreme Court properly denied its motion without regard to the sufficiency of the plaintiffs' opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
MASTRO, J.P., ROMAN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court