**Vasquez v 501 W. 41st St. Assoc., LLC**

2024 NY Slip Op 32469(U)

July 22, 2024

Supreme Court, New York County

Docket Number: Index No. 155418/2017

Judge: James d'Auguste

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>Hon. James E. d'Auguste</u>                    PART 55

                                            *Justice*

-----------------------------------------------------------------------------X

MICHAEL VASQUEZ,

                                 Plaintiff,

                    - v -

501 WEST 41ST STREET ASSOCIATES, LLC,
GANSEVOORT MARKET, INC., INTERSTATE FOODS,
INC., LONDON MANHATTAN CORP., WEST SIDE FOODS,
INC.,

                                 Defendants.

-----------------------------------------------------------------------------X

INTERSTATE FOODS, INC., WEST SIDE FOODS, INC.,

                                 Plaintiffs,

                    -against-

CENTURY WASTE SERVICES LLC,

                                 Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155418/2017 |
| MOTION DATE | 04/11/2023 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595871/2020

The following e-filed documents, listed by NYSCEF document number (Motion 003) 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114

were read on this motion to/for                    SUMMARY JUDGMENT                    .

In Motion Sequence 003, defendant Gansevoort Market, Inc. ("Gansevoort"), moves, pursuant to CPLR 3212, for summary judgment and dismissal of plaintiff Michael Vasquez's ("Vasquez") complaint, in this action arising from a trip and fall on a sidewalk.

Vasquez alleges that on October 4, 2014, at approximately 3:00am, he tripped and fell on a wooden pallet on a sidewalk adjacent to the subject premises on 10th Avenue, near the intersection of Little West 12th Street.  He claims he was walking down 10th Avenue and looking in the direction of where he was walking, but never saw the pallet in the middle of the sidewalk

[* 1]

and his foot became stuck in the pallet. Vasquez asserts he suffered serious injuries from the hazardous condition and tripping hazard on the sidewalk due defendants' negligence and recklessness in their ownership, maintenance and management of the sidewalk and wooden pallet (NYSCEF Doc. Nos. 1, 83, 88, 106, 107).

Gansevoort, via its corporate secretary and general counsel, Frank Platt, indicated it is a co-op that leases the subject premises from the City of New York ("City"), then subleases the premises to subtenants, including Interstate Foods, Inc., and London Manhattan Corp. Gansevoort asserts entitlement to summary judgment and dismissal of Vasquez's complaint entirely, arguing Vasquez fails to demonstrate liability or negligence by Gansevoort. It contends that it is not involved in maintaining the subject premises, does not have employees other than corporate officers, nor does it directly hire contractors to perform any work on the premises, other than for repairs. Gansevoort contends each tenant is responsible for maintaining and repairing the sidewalk area adjoining its leased space, including trash removal, and does not manage the way each tenant sets out their trash. Also, Gansevoort claims that each tenant is responsible for ensuring that sidewalks abutting the subject premises are clean (NYSCEF Doc. No. 83, 84, 89, 110, 113).

Interstate's vice president, Robert Walker, and London's president, Michael Milano, both testified their businesses utilize wooden pallets, but both indicated neither Interstate nor London would leave wooden pallets on the sidewalks overnight or dispose of them as they had monetary value. Additionally, both Walker and Milano assert daily inspections occur to ensure the sidewalks are clean and free of trash (NYSCEF Doc. Nos. 83, 90, 91). However, both London and Interstate add that despite Gansevoort's claim it was not responsible for maintaining any of the sidewalks abutting the subject premises, the Master Lease Gansevoort entered into with the

City places responsibility for maintaining the sidewalks with Gansevoort, who is also responsible for keeping the entire demised premises and sidewalks free of debris and garbage (NYSCEF Doc. Nos. 98, 99, 101, 102, 104).

Moreover, Walker and Milano both testified that each tenants' sublease only required them to maintain the sidewalk adjacent to the specific units they leased, and no provision in the subleases required subtenants to maintain any area other than that adjacent to its leased space. They assert that pursuant to the lease Gansevoort entered into with the City that Gansevoort would be responsible for the maintenance of sidewalks adjacent to any unleased units or common areas. Milano testified that the area of the building adjacent to the alleged location of Vasquez's accident is a ConEd electric meter room, and not part of the unit leased by London. Walker also testified that the space in question is located between the units leased by Interstate and London, and as such, the meter room is a common area which is not part of any leased unit, and the duty and responsibility to maintain the sidewalk adjacent to this area remains the duty and responsibility of Gansevoort (NYSCEF Doc. Nos. 90, 91, 98, 99, 101).

Gansevoort asserts that at the time of the incident all premises were leased and there was no vacant space within the subject premises, and despite London's and Interstate's feigned attempts to show an alleged gap between the leased units—the ConEd meter room—that Gansevoort would be responsible for, Gansevoort contends the subleases conclusively demonstrate that tenants were responsible for maintaining the sidewalk in front of these unoccupied spaces (NYSCEF Doc. Nos. 83, 84, 98, 101, 107, 110, 113).

Further, Gansevoort argues that under Section 7-210 of the Administrative Code of the City of New York a landlord is not liable if it establishes its prima facie burden that it neither created an alleged condition, nor had notice of its existence for a sufficient period of time to

discover and rectify it. However, Section 7-210 of the Administrative Code imposes a non-delegable duty on landlords to maintain the subject sidewalk in a reasonably safe condition (NYSCEF Doc. No. 110)

The Court finds the testimony of London and Interstate raises questions of fact regarding Gansevoort's responsibility to maintain the sidewalk in the area of Vasquez's accident as both London and Interstate testified they were not responsible for the sidewalk adjacent to and near the ConEd meter room that was not part of either of their units. The conflicting testimonies raise fact questions best addressed by the trier of facts, thereby precluding summary judgment.

Additionally, despite Gansevoort's claims of not being responsible for the subject sidewalk, Gansevoort had a non-delegable duty to maintain the sidewalk in a reasonably safe condition and arguably failed to do so. Section 7-210 of the Administrative Code imposes liability upon a property owner abutting a sidewalk for any injury proximately caused by the owner's failure to maintain the sidewalk in a safe manner. Xiang Fu He v. Troon Management, Inc., 34 NY3d 167 (2019). Thus, "while an owner can shift the work of maintaining the sidewalk to another, the owner cannot shift the duty, nor exposure and liability for injuries caused by negligent maintenance, imposed under section 7-210." Id.

Moreover, while the subleases obligate tenants to maintain the sidewalk adjacent to the units they lease, both London and Interstate denied that the subject location, where Vasquez's accident occurred in front of the ConEd meter room, was adjacent to the units either Interstate or London lease. Also, Gansevoort's own witness, Platt, testified that garbage and pallets being left on the sidewalk is a "big problem" (NYSCEF Doc. No. 89, 106, 107). Thus, the conflicting testimony and documentary evidence, including circumstantial evidence, of whether Gansevoort had actual or constructive notice of a recurring hazardous condition of garbage, including

**155418/2017   VASQUEZ, MICHAEL vs. 501 WEST 41ST STREET**
**Motion No.  003**

**Page 4 of 5**

wooden pallets, being left on the sidewalk, and whether it had a responsibility to maintain the location where the incident occurred, are questions of fact for a jury. "Cases grounded on circumstantial evidence require a showing of sufficient facts from which the negligence of the defendant and the causation of the accident by that negligence can be reasonably inferred." Bettineschi v. Healy Elec. Contracting, Inc., 73 AD3d 1109 (2d Dept. 2010). Hence, summary judgment is precluded as numerous fact questions are raised.

The Court has considered the parties' remaining arguments and finds them unavailing. "A court need not address, in its decision, every argument raided by a party." Ctr. For Jud. Accountability, Inc. v. Cuomo, 167 AD3d 1406 (3d Dept. 2018).

Accordingly, it is hereby

ORDERED that Gansevoort's motion for summary judgment and dismissal of Vaquez's complaint is denied.

This constitutes the decision and order of the Court.

| | |
|---|---|
| **7/22/2024** | |
| **DATE** | **James d'Auguste, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**155418/2017  VASQUEZ, MICHAEL vs. 501 WEST 41ST STREET**
**Motion No.  003**

Page 5 of 5