■ VICKI L. D'ALFONSO, Individually and as Administratrix of the Estate of ASHLEY L. D'ALFONSO, Deceased, et al., Respondents, v COUNTY OF OSWEGO et al., Appellants. [603 NYS2d 934] —Order insofar as appealed from unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying the motion of defendants County of Oswego and the County of Oswego Department of Public Works for summary judgment dismissing plaintiffs' cause of action alleging that those defendants were negligent in controlling traffic at the intersection of County Routes 10 and 12. In moving for summary judg-

ment, defendants were required to establish their defense "sufficiently to warrant the court as a matter of law in directing judgment" in their favor (CPLR 3212 [b]; *see, Iselin & Co. v Mann Judd Landau,* 71 NY2d 420, 425). Defendants met that burden by offering expert opinion evidence that traffic control at the intersection was maintained in a reasonably safe manner and in accordance with established standards *(see, Lopes v Rostad,* 45 NY2d 617; *Weiss v Fote,* 7 NY2d 579, 584-586).

In opposition to the motion, plaintiffs failed to offer expert opinion evidence that the traffic control plan at the subject intersection evolved without adequate study or lacked a reasonable basis *(see, Green v County of Niagara,* 184 AD2d 1044). Moreover, plaintiffs' submission of the Local Accident Surveillance Project failed to show a similarity between the subject accident and the previous accidents *(cf., Hyde v County of Rensselaer,* 51 NY2d 927, 929). Thus, plaintiffs failed to submit evidentiary proof in admissible form sufficient to require a trial of material questions of fact *(see, Iselin & Co. v Mann Judd Landau, supra).* (Appeal from Order of Supreme Court, Oswego County, Hurlbutt, J.—Summary Judgment.) Present— Green, J. P., Pine, Fallon, Doerr and Davis, JJ.