■ JOHN S. URBANIAK et al., as Parents and Natural Guardians of ERIC URBANIAK, an Infant, Respondents, v TOWN OF CLAY, Appellant. [654 NYS2d 897] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: While riding his bicycle on Turtle Cove Road in the Town of Clay, plaintiffs' son, Eric, heard a noise behind him and turned his bicycle into the gutter in the shoulder of the road. The front tire of the bicycle caught between the longitudinal bars of the sewer grate in the gutter, and Eric flipped over the handlebars and suffered injuries. Plaintiffs, as parents and natural guardians of Eric, allege in the complaint that defendant failed to design and install the grate with sufficient safeguards and negligently caused the grate to be placed approximately $7^1/_2$ inches below the road's surface. Supreme Court denied defendant's motion for summary judgment. We reverse.

Although a municipality owes an absolute duty to keep its highways in a reasonably safe condition (see, Friedman v State

*of New York,* 67 NY2d 271, 283; *Weiss v Fote,* 7 NY2d 579, 584, *rearg denied* 8 NY2d 934), it is afforded a qualified immunity from liability arising out of highway planning decisions (*Friedman v State of New York, supra,* at 283; *Alexander v Eldred,* 63 NY2d 460, 465-466; *Weiss v Fote, supra,* at 585-586). A municipality may not be held liable "absent some indication that due care was not exercised in the preparation of the design or that no reasonable official could have adopted it" (*Weiss v Fote, supra,* at 586).

Defendant met its burden of demonstrating due care by tendering evidence in admissible form (1) that, when the drainage system on Turtle Cove Road was constructed, defendant retained an engineering consulting firm, which prepared drawings, plans and specifications of the road and recommended that the sewer grates have longitudinal openings and be installed parallel to the road; (2) that such design and planning documents were reviewed by defendant's Planning and Town Boards before they were accepted; and (3) that the height differential between the grate and the road's surface was caused by routine repaving. In opposing defendant's motion, plaintiffs failed to offer evidence that the drainage system on Turtle Cove Road "was evolved without adequate study or lacked reasonable basis" (*Weiss v Fote, supra,* at 589; *see, D'Alfonso v County of Oswego,* 198 AD2d 802; *Green v County of Niagara,* 184 AD2d 1044).

In light of our determination, it is unnecessary to reach defendant's remaining contentions. (Appeal from Order of Supreme Court, Onondaga County, Buckley, J.—Summary Judgment.) Present—Denman, P. J., Green, Pine, Balio and Boehm, JJ.