Louis M. Bacchetta, Respondent, v Town of Greece, Appellant. [809 NYS2d 702]—

Appeal from an order of the Supreme Court, Monroe County (Robert J. Lunn, J.), entered November 3, 2004 in a personal injury action. The order, inter alia, denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking dam-

ages for injuries he sustained when the motorcycle he was operating skidded and veered off the road, causing him to be thrown from the motorcycle. According to plaintiff, defendant was negligent in, inter alia, failing to provide a safe road for vehicular traffic and failing to provide adequate lighting and signage. Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint. In support of the motion, defendant submitted an affidavit in which one of its employees stated that, as a result of an extensive traffic study of the road at issue conducted in 1979, it was determined that only minor alterations were necessary. In opposition to the motion, plaintiff submitted an affidavit in which his expert stated that, based on a test he performed, the posted speed limit was excessive and the signage violated the rules and regulations of the New York State Department of Transportation. Even assuming, arguendo, that defendant met its initial burden by establishing that it undertook an adequate study and reached a reasonable decision (*see Weiss v Fote*, 7 NY2d 579, 585-586 [1960], *rearg denied* 8 NY2d 934 [1960]; *Palloni v Town of Attica*, 278 AD2d 788, 789 [2000], *lv denied* 96 NY2d 709 [2001]), we conclude that plaintiff raised an issue of fact whether defendant's "decision evolved without adequate study or lacked a reasonable basis" (*Zecca v State of New York*, 247 AD2d 776, 777 [1998]; *cf. D'Alfonso v County of Oswego*, 198 AD2d 802, 803 [1993]). Present—Hurlbutt, J.P., Scudder, Gorski, Martoche and Smith, JJ.