■ DANIELLE BOOKER, Respondent, v CITY OF NEW YORK, Defendant, and NEW YORK CITY TRANSIT AUTHORITY, Appellant. [876 NYS2d 648]—

In an action to recover damages for personal injuries, etc., the defendant New York City Transit Authority appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated June 26, 2007, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

Mark Burgess, then 10 years old, allegedly was injured when he fell through an open subway grate while riding his bicycle on the sidewalk in front of 524 Lafayette Avenue in Brooklyn, and landed on the train tracks below.

The defendant New York City Transit Authority (hereinafter NYCTA) failed to establish its prima facie entitlement to judgment as a matter of law. The evidence offered in support of its motion failed to establish, prima facie, that it neither created nor had actual notice of the hazardous condition (see generally Joachim v 1824 Church Ave., Inc., 12 AD3d 409, 410 [2004]). To the extent that NYCTA relies only on a defense based on the theory of qualified governmental immunity, that defense is without merit (see generally Weiss v Fote, 7 NY2d 579, 589 [1960]; cf. Urbaniak v Town of Clay, 237 AD2d 875, 876-877 [1997]).

NYCTA's failure to make a prima facie showing of entitlement to judgment as a matter of law required denial of its motion, regardless of the sufficiency of the plaintiff's opposition papers (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly denied NYCTA's motion for summary judgment dismissing the complaint insofar as asserted against it. Rivera, J.P., Angiolillo, Eng and Belen, JJ., concur.