■ Thomas Maloney et al., Appellants, v Franklyn A. Farris, Suffolk County Public Administrator, as Administrator of the Estate of Frederick Olita, Also Known as Fred Olita, Deceased, et al., Defendants/Third-Party Plaintiffs-Respondents. Suffolk County Water Authority, Third-Party Defendant-Respondent. [985 NYS2d 882]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated June 19, 2012, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint is denied.

The injured plaintiff allegedly tripped and fell over a defect in a sidewalk abutting the defendants' premises. The plaintiff, and his wife suing derivatively, commenced this action against the defendants. The defendants moved, inter alia, for summary judgment dismissing the complaint, contending that they did not have notice of the alleged hazardous condition. The Supreme Court granted that branch of the motion.

In a trip and fall case, a defendant moving for summary judgment has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Jackson v Jamaica First Parking, LLC*, 91 AD3d 602, 602-603 [2012]; *Tsekhanovskaya v Starrett City, Inc.*, 90 AD3d 909, 910 [2011]; *Arzola v Boston Props. Ltd. Partnership*, 63 AD3d 655, 656 [2009]). A movant cannot satisfy its initial burden by pointing to gaps in the plaintiff's case (*see Campbell v New York City Tr. Auth.*, 109 AD3d 455, 456 [2013]; *Martinez v Khaimov*, 74 AD3d 1031, 1033 [2010]).

Here, the defendants failed to establish, prima facie, that they did not have constructive notice of the alleged hazardous condition. In support of the motion, the defendants submitted no ev-

idence as to when the abutting sidewalk was last inspected prior to the accident (*see Hevia v Smithtown Auto Body of Long Is., Ltd.*, 91 AD3d 822 [2012]; *Martinez v Khaimov*, 74 AD3d at 1033-1034; *Pryzywalny v New York City Tr. Auth.*, 69 AD3d 598, 599 [2010]). Additionally, the defendants failed to meet their burden as to the issue of actual notice, since they did not submit any proof of their lack of actual notice (*see Booker v City of New York*, 61 AD3d 710, 711 [2009]). Since the defendants failed to meet their initial burden as the movants, it is not necessary to review the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint. Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.