■ NIA BUGLIONE, Respondent, v EMILIO SPAGNOLETTI et al., Appellants. [999 NYS2d 453]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Westchester County (Hubert, J.), dated March 3, 2014, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when she tripped and fell on a driveway owned by the defendants. Thereafter, she commenced this action. After the completion of discovery, the defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion.

In a trip-and-fall case, a defendant may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall (*see Altinel v John's Farms*, 113 AD3d 709 [2014]). However, that a defective or dangerous condition was the proximate cause of an accident can be established in the absence of direct evidence of causation and may be inferred from the facts and circumstances underlying the injury (*see Schneider v Kings Hwy. Hosp. Ctr.*, 67 NY2d 743 [1986]; *Racines v Lebowitz*, 105 AD3d 934 [2013]; *Bettineschi v Healy Elec. Contr., Inc.*, 73 AD3d 1109, 1110 [2010]).

Here, the defendants met their burden of establishing their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff was unable to identify the cause of her accident without engaging in speculation (*see Racines v Lebowitz*, 105 AD3d at 935). However, in opposition, the plaintiff raised a triable issue of fact, inter alia, through circumstantial

evidence, as to whether the cause of her fall was a cracked and/or unlevel condition on the defendants' driveway (*cf. Giraldo v Twins Ambulette Serv., Inc.*, 96 AD3d 903, 903-904 [2012]; *Bernardo v 444 Rte. 111, LLC*, 83 AD3d 753, 754 [2011]).

The defendants' remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Dickerson, Austin and Cohen, JJ., concur.