◼ NEIL DAVIS et al., Appellants, v NOLDA SUTTON, Respondent. [26 NYS3d 100]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Martin, J.), dated October 6, 2014, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff Neil Davis (hereinafter the injured plaintiff) allegedly was injured when he tripped and fell on a staircase in a building owned by the defendant. The injured plaintiff, and his wife suing derivatively, commenced this action to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint, arguing, among other things, that the injured plaintiff could not identify the cause of his fall. The Supreme Court granted the motion, and the plaintiffs appeal.

In a trip-and-fall case, a defendant may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall (*see Gotay v New York City Hous. Auth.*, 127 AD3d 693, 694 [2015]; *Buglione v Spagnoletti*, 123 AD3d 867 [2014]). A plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation (*see Rivera v J. Nazzaro Partnership, L.P.*, 122 AD3d 826, 827 [2014]; *Kudrina v 82-04 Lefferts Tenants Corp.*, 110 AD3d 963, 964 [2013]; *Dennis v Lakhani*, 102 AD3d 651, 652 [2013]). Here, viewing the evidence in the light most favorable to the plaintiffs, as the nonmoving parties, the defendant failed to establish, prima facie, that the injured plaintiff did not know what had caused him to fall. The deposition testimony of the injured plaintiff and his wife, who witnessed the accident, which were submitted in support of the motion, demonstrated the existence of a triable issue of fact as to whether the injured plaintiff tripped and fell as a result of an uneven condition on the second floor landing of the defendant's interior staircase (*see Gotay v New York City Hous. Auth.*, 127 AD3d at 694-695; *Lamour v Decimus*, 118 AD3d 851, 851-852 [2014]; *Jackson v Fenton*, 38 AD3d 495, 495-496 [2007]). Accordingly, the defendant failed to make a prima facie showing of her entitlement to summary judgment on this ground.

To impose liability upon a defendant for a plaintiff's injuries, there must be evidence showing the existence of a dangerous

or defective condition, and that the defendant either created the condition or had actual or constructive notice of it and failed to remedy it within a reasonable time (*see Maloney v Farris*, 117 AD3d 916 [2014]; *Morrison v Apostolic Faith Mission of Portland, Or.*, 111 AD3d 684 [2013]; *Kudrina v 82-04 Lefferts Tenants Corp.*, 110 AD3d at 964; *Winder v Executive Cleaning Servs., LLC*, 91 AD3d 865 [2012]; *Arzola v Boston Props. Ltd. Partnership*, 63 AD3d 655, 656 [2009]). Whether a dangerous or defective condition exists on the property of another so as to create liability depends on the circumstances of each case, and is generally a question of fact for the jury (*see Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997]). The defendant failed to establish, prima facie, that the subject staircase was not in a defective condition and that she did not create the alleged hazardous condition or have actual or constructive notice of such condition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Maloney v Farris*, 117 AD3d 916 [2014]). Since the defendant failed to meet her burden as the movant, it is not necessary to review the sufficiency of the plaintiffs' opposition papers.

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Eng, P.J., Mastro, Cohen and Miller, JJ., concur.