Ariza v Number One Star Mgt. Corp. (2019 NY Slip Op 01551)





Ariza v Number One Star Mgt. Corp.


2019 NY Slip Op 01551


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-04931
 (Index No. 505744/14)

[*1]Antonio Ariza, appellant, 
v
Number One Star Management Corp., et al., respondents.


Hasapidis Law Offices, South Salem, NY (Annette G. Hasapidis of counsel), for appellant.
Richard T. Lau, Jericho, NY (Nancy S. Goodman of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated April 20, 2017. The judgment, upon an order of the same court dated March 7, 2017, granting the defendants' motion for summary judgment dismissing the complaint, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is reversed, on the law, with costs, the defendants' motion for summary judgment dismissing the complaint is denied, the complaint is reinstated, and the order is modified accordingly.
The plaintiff allegedly tripped and fell over a defect in a sidewalk abutting the defendants' premises. Subsequently, the plaintiff commenced this personal injury action against the defendants. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and a judgment was entered in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals.
In a trip and fall case, a defendant moving for summary judgment has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see Davis v Sutton, 136 AD3d 731, 732-733; Maloney v Farris, 117 AD3d 916). A movant cannot satisfy its initial burden by merely pointing to gaps in the plaintiff's case (see Maloney v Farris, 117 AD3d at 916).
Here, the defendants failed to establish, prima facie, that they did not have constructive notice of the alleged hazardous condition. In support of their motion, the defendants submitted no evidence as to when the subject sidewalk was last inspected prior to the accident (see Davis v Sutton, 136 AD3d at 733; Maloney v Farris, 117 AD3d at 916-917; Pryzywalny v New York City Tr. Auth., 69 AD3d 598, 599; Baines v G & D Ventures, Inc., 64 AD3d 528, 529; cf. Gallway v Muintir, LLC, 142 AD3d 948, 949). Since the defendants failed to meet their initial burden as the movants, it is not necessary to review the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
AUSTIN, J.P., HINDS-RADIX, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court