Economos v Bloom (2020 NY Slip Op 05034)





Economos v Bloom


2020 NY Slip Op 05034


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-06368
 (Index No. 514781/16)

[*1]Joanne Economos, appellant,
v Ellen Bloom, et al., respondents, et al., defendant.


Law Offices of Michael S. Lamonsoff, PLLC, New York, NY (Stacey Haskel of counsel), for appellant.
Penino & Moynihan, LLP, White Plains, NY (Henry L. Liao of counsel), for respondents.
James E. Johnson, Corporation Counsel, New York, NY (Jane L. Gordon and Jonathan A. Popolow of counsel), for defendant City of New York.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated March 8, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendants Ellen Bloom and Robert Bloom which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Ellen Bloom and Robert Bloom which was for summary judgment dismissing the complaint insofar as asserted against them is denied.
The plaintiff commenced this action against the defendants Ellen Bloom and Robert Bloom (hereinafter together the Bloom defendants) and another defendant to recover damages for personal injuries she allegedly sustained when she tripped and fell on a sidewalk abutting the Bloom defendants' property. The Bloom defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. In an order dated March 8, 2019, the Supreme Court, among other things, granted that branch of the Bloom defendants' motion, concluding that the plaintiff could not identify what had caused her to fall. The plaintiff appeals.
"A plaintiff's inability to identify the cause of his or her fall is fatal to a cause of action to recover damages for personal injuries because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (Vojvodic v City of New York, 148 AD3d 1086, 1087; see Buglione v Spagnoletti, 123 AD3d 867, 867). Here, the Bloom defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by showing that the plaintiff could not identify the cause of her fall (see Vojvodic v City of New York, 148 AD3d at 1087; Buglione v Spagnoletti, 123 AD3d at 867). In opposition, however, the plaintiff's submissions, viewed in the light most favorable to her, raised a triable issue of fact in this regard (see Matadin v Bank of Am. [*2]Corp., 163 AD3d 799, 799-800; see also Buglione v Spagnoletti, 123 AD3d at 867-868).
Accordingly, the Supreme Court should have denied that branch of the Bloom defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
LEVENTHAL, J.P., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court