Elentuck v New York City Tr. Auth. (2020 NY Slip Op 06501)





Elentuck v New York City Tr. Auth.


2020 NY Slip Op 06501


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2019-01084
 (Index No. 704369/13)

[*1]Harvey M. Elentuck, respondent,
v
New York City Transit Authority, appellant.


Lawrence Heisler, Brooklyn, NY (Harriet Wong of counsel), for appellant.
Kahn Gordon Timko & Rodriques, P.C., New York, NY (Michael Zogala and Nicholas I. Timko of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Joseph J. Risi, J.), dated July 13, 2018. The order, insofar as appealed from, denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries allegedly sustained when he tripped and fell on a staircase inside the 63rd Drive - Rego Park subway station, in Queens. Following discovery, the defendant moved for summary judgment dismissing the complaint, arguing that the alleged defect was trivial as a matter of law and, therefore, not actionable, and that the plaintiff did not know what caused him to fall. By order dated July 13, 2018, the Supreme Court, inter alia, denied the defendant's motion. The defendant appeals.
Initially, contrary to the defendant's contention, the transcript of the plaintiff's testimony at an examination held pursuant to Public Authorities Law § 1212(5), which was transcribed from an audio recording by a typist who was not present at the examination, was inadmissible since it was unsigned and unsworn, and was not certified by the examiner before whom the plaintiff appeared (see generally CPLR 3116[b]; Nationwide Gen. Ins. Co. v Bates, 130 AD3d 795, 796; McDonald v Mauss, 38 AD3d 727, 727; Cox v Jeffers, 222 AD2d 395; cf. Montalvo v United Parcel Serv., Inc., 117 AD3d 1004, 1005). Therefore, the Supreme Court properly declined to consider the transcript in determining whether the defendant satisfied its prima facie burden.
"Ordinarily, a defendant moving for summary judgment in a trip-and-fall case has the burden of establishing that it did not create the hazardous condition that allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it. However, a defendant can make its prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation" (Mitgang v PJ Venture HG, LLC, 126 AD3d 863, 863-864 [internal quotation marks omitted]). "[A] plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (Kozik v Sherland & Farrington, Inc., 173 [*2]AD3d 994, 995 [internal quotation marks omitted]).
Here, viewing the evidence in the light most favorable to the plaintiff, as the nonmoving party, the defendant failed to establish, prima facie, that the plaintiff did not know what caused him to fall (see id. at 995). The plaintiff's deposition testimony demonstrated the existence of triable issues of fact as to whether the plaintiff's accident was caused by the protruding edge of the stairway tread.
"A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79). In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (Kavanagh v Archdiocese of the City of N.Y., 152 AD3d 654, 655 [internal quotation marks omitted]; see Trincere v County of Suffolk, 90 NY2d 976, 978). "[T]here is no 'minimal dimension test' or per se rule that a defect must be . . . a certain minimum height or depth in order to be actionable" (Trincere v County of Suffolk, 90 NY2d at 977).
Here, the evidence submitted by the defendant in support of its motion failed to establish, prima facie, that the protruding edge of the stairway tread on which the plaintiff allegedly caught his foot was trivial as a matter of law (see Hutchinson v Sheridan Hill House Corp., 26 NY3d at 81-82; Burrell v New York City Tr. Auth., 151 AD3d 683, 684).
Accordingly, we agree with the Supreme Court's determination denying the defendant's motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Kozik v Sherland & Farrington, Inc., 173 AD3d at 996).
BALKIN, J.P., COHEN, MALTESE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court