Stanger v City of New York (2021 NY Slip Op 00197)





Stanger v City of New York


2021 NY Slip Op 00197


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-12974
 (Index No. 503392/14)

[*1]Rosemary Stanger, appellant,
v
City of New York, et al., respondents.


Sullivan & Galleshaw, LLP (Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for appellant.
Lester Schwab Katz & Dwyer, LLP, New York, NY (Daniel S. Kotler of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated November 9, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff allegedly was injured when she fell in the schoolyard of PS K409, located in Brooklyn, while performing maintenance work for her employer. The plaintiff commenced this personal injury action against the defendants, City of New York and New York City Department of Education, alleging that they were negligent in, among other things, their ownership and maintenance of the schoolyard. After the completion of discovery, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.
Contrary to the defendants' contention, they failed to establish, prima facie, that the plaintiff could not identify the location of her fall and the cause of her accident (see Moiseyeva v New York City Hous. Auth., 175 AD3d 1527, 1529). Viewing the evidence in the light most favorable to the nonmoving party (see Valente v Lend Lease [US] Const. MLB, Inc., 29 NY3d 1104, 1105), we find that the plaintiff adequately described both the location of the accident and the particular defect in the pavement that allegedly caused her to fall.
The defendants also failed to establish, prima facie, that the alleged defect was trivial as a matter of law and therefore not actionable (see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 77-79; Smith v A.B.K. Apts., 284 AD2d 323). Similarly, the evidence submitted by the defendants failed to establish, prima facie, that the condition complained of was open and obvious and not inherently dangerous (see Lee v Acevedo, 152 AD3d 577, 578; Russo v Home Goods, Inc., 119 AD3d 924, 926; Smith v A.B.K. Apts., 284 AD2d at 323).
We disagree with the Supreme Court's conclusion that the defendants demonstrated, [*2]as a matter of law, that the alleged dangerous condition was not a proximate cause of the subject accident (compare Griffith v Southbridge Towers, 248 AD2d 162, 163, with Egan v A.J. Constr. Corp., 94 NY2d 839, 841).
Since the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law, their motion should have been denied regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
MASTRO, A.P.J., CHAMBERS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court