E. F. v City of New York (2022 NY Slip Op 01769)





E. F. v City of New York


2022 NY Slip Op 01769


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2019-08130
 (Index No. 512789/16)

[*1]E. F., etc., et al., appellants, 
v
City of New York, et al., respondents, et al., defendant.


Efrom J. Gross, West Hempstead, NY, for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Devin Slack and Antonella Karlin of counsel; Maxwell Dikkers on the brief), for respondent City of New York.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Kristen A. Carroll and Nicholas Hurzeler of counsel), for respondents Oceana Condominiums, Oceana Condominiums Club, and Oceana Home Owners Association.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated June 21, 2019. The order, insofar as appealed from, granted those branches of the separate motions of the defendant City of New York and the defendants Oceana Condominiums, Oceana Condominiums Club, and Oceana Home Owners Association which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs payable by the defendant City of New York and the defendants Oceana Condominiums, Oceana Condominiums Club, and Oceana Home Owners Association appearing separately and filing separate briefs, and those branches of the separate motions of those defendants which were for summary judgment dismissing the complaint insofar as asserted against each of them are denied.
In 2016, the infant plaintiff, by her father, and her father suing derivatively, commenced this action to recover damages against the defendants Oceana Condominiums, Oceana Condominiums Club, and Oceana Home Owners Association (hereinafter collectively the Oceana defendants), and another defendant, for personal injuries that the plaintiffs alleged occurred when the infant plaintiff fell in a park owned by the defendant City of New York and operated by the Oceana defendants. In 2017, the plaintiffs amended the complaint, adding the City as a defendant. The City and the Oceana defendants separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. In an order dated June 21, 2019, the Supreme Court, among other things, granted those branches of the separate motions of the City and the Oceana defendants which were for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the infant plaintiff could not identify the cause or location of her fall. The plaintiffs appeal.
"In a trip-and-fall case, a defendant may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall" (Buglione v Spagnoletti, 123 AD3d 867, 867, citing Altinel v John's Farms, 113 AD3d 709). However, "'[t]hat does not mean that a plaintiff must have personal knowledge of the cause of his or her fall'" Moiseyeva v New York City Hous. Auth., 175 AD3d 1527, 1529, quoting Izaguirre v New York City Tr. Auth., 106 AD3d 878, 878). A determination "that a defective or dangerous condition was the proximate cause of an accident can be established in the absence of direct evidence of causation and may be inferred from the facts and circumstances underlying the injury" (Buglione v Spagnoletti, 123 AD3d at 867; see Cross v Roberts, 162 AD3d 852, 853).
Here, both the City and the Oceana defendants established, prima facie, their entitlement to judgment as a matter of law by demonstrating that, during her deposition, the infant plaintiff, who was seven years old at the time of the deposition, could not specifically identify the cause or location of her fall, which had occurred three years earlier when she was four years old (see Economos v Bloom, 186 AD3d 1493, 1494; Buglione v Spagnoletti, 123 AD3d at 867). However, in opposition, the plaintiffs submitted, among other things, the affidavit of the mother of the infant plaintiff who averred that she observed the infant plaintiff fall and that the fall was caused by a defective condition of a sidewalk in the park (see e.g. Economos v Bloom, 186 AD3d at 1494; Buglione v Spagnoletti, 123 AD3d at 867-868). The mother also identified the location of the alleged defective sidewalk in a photograph that was included in the submission of both the plaintiffs and the Oceana defendants (see e.g. Moiseyeva v New York City Hous. Auth., 175 AD3d at 1529). In support of their respective motions, the City and the Oceana defendants had also submitted, inter alia, transcripts of the deposition testimony of the infant plaintiff, who testified, among other things, that her mother had seen her fall, and of her father, who averred that, at the time of the incident, he ran over to his daughter immediately after her fall and that, at that time, her body was partly on the sidewalk at issue. These submissions, viewed in the light most favorable to the plaintiffs, as the nonmoving parties, raised a triable issue of fact as to whether the cause of the infant plaintiff's fall was the alleged defective condition of the sidewalk in the park (see Buglione v Spagnoletti, 123 AD2d at 867-868).
The City and the Oceana defendants failed to establish any other basis for judgment as a matter of law dismissing the complaint insofar as asserted against each of them (see Elentuck v New York City Tr. Auth., 188 AD3d 825, 826-827; Davis v Sutton, 136 AD3d 731, 732-733). Whether a defective condition exists on a property so as to create liability depends on the circumstances of a case, and is generally a question of fact for the jury (see Davis v Sutton, 136 AD3d at 733). Here, the City and the Oceana defendants failed to establish, prima facie, that the sidewalk at issue was not defective or that they did not create the alleged defective condition or have actual or constructive notice of it (see Davis v Sutton, 136 AD3d at 733).
Since the City and the Oceana defendants failed to meet their prima facie burden on the issues of actual and constructive notice, it is not necessary to review the sufficiency of the plaintiffs' opposition papers (see id.).
The City and the Oceana defendants also failed to establish, prima facie, that the alleged defect at issue was trivial as a matter of law. "'A defendant seeking dismissal of a complaint on the basis that [an] alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses'" (Elentuck v New York City Tr. Auth., 188 AD3d at 826, quoting Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79). "In determining whether a defect is trivial, the court must examine all of the facts presented, including the width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstances of the injury" (Elentuck v New York City Tr. Auth., 188 AD3d at 826-827 [internal quotation marks omitted]). Here, the City and the Oceana defendants failed to proffer any information about the height or actual size of the alleged defect. The photographs they submitted did not identify the specific dimensions and characteristics of the alleged defect. Thus, they failed to establish, prima facie, that the alleged defective condition of the sidewalk was trivial as a matter [*2]of law (see id. at 827).
The City and the Oceana defendants also failed to establish, prima facie, that the alleged condition at issue was open and obvious and not inherently dangerous (see Stanger v City of New York, 190 AD3d 776, 777; Russo v Home Goods, Inc., 119 AD3d 924, 926). Thus, there is no need to assess the sufficiency of the plaintiffs' opposition papers (see Stanger v City of New York, 190 AD3d at 777).
The City's and the Oceana defendants' remaining contentions are without merit.
Accordingly, the Supreme Court should have denied those branches of the separate motions of the City and the Oceana defendants which were for summary judgment dismissing the complaint insofar as asserted against each of them.
DUFFY, J.P., IANNACCI, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court