| **Whitecotton v BTG LLC** |
| 2025 NY Slip Op 34399(U) |
| November 18, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 506722/2023 |
| Judge: Kerry J. Ward |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
EMILY WHITECOTTON,

                    Plaintiff,

        -against-

BTG LLC, AUTOMATIC INDUSTRIES INC., 21 WEST
COLUMBIA STREET LLC and 19 WEST COLUMBIA
STREET LLC.,

                    Defendants.
-----------------------------------------------------------------X

Index No. 506722/2023

Defendants 21 West Columbia Street LLC and 19 West Columba Street LLC's ("Moving Defendants") motion for summary judgement to dismiss Plaintiff's Complaint pursuant to CPLR §3212 is DENIED.

## Background and Procedural History

On March 3, 2023, Plaintiff commenced this action for personal injuries sustained on January 6, 2021, when she allegedly slipped and fell due to puddles of water present throughout the laundry room at the premises 408 West 130th Street, New York, New York (the "subject premises"). On the date of the accident, Automatic Industries, Inc. had a contract with Manor Management, the managing agent, to provide washing machines and dryers in the basement laundry room of the subject premises (NYSCEF Doc. 25, Exhibit A).

In a sworn deposition held on April 17, 2024, Plaintiff stated that she has lived at the subject premises in apartment 21 for about eleven years. (NYSCEF Doc. 39, Exhibit E, p. 9). On the date of the accident, Plaintiff alleges that she was in the laundry room doing her laundry. Plaintiff stated that there were puddles of water covering approximately 80% of the floor, and she had to go around puddles of what appeared to be water to put her clothing in the washing machine (*Id.* at pp. 54-55). As the Plaintiff exited the laundry room, she took two to three steps into the basement corridor, when she slipped and fell onto her left knee (*Id.* at 58). Plaintiff believed that she slipped on water, and that she slipped because the water was tracked by people coming in and out of the laundry room (*Id.* at pp. 71, 111). Plaintiff did not know where the water in the laundry room came from on the date of the accident (*Id.* at p. 115). Further, on past

1

[* 1]

occasions, Plaintiff had previously seen a washing machine leaking water out of the door, and another time, saw water on the floor of the laundry room (*Id.* at pp. 115-116).

A deposition was conducted with Steve Gross, an employee of Manor Management (NYSCEF Doc. 40, Exhibit F). Gross testified that the building had a superintendent whose duties included dealing with general maintenance requests, building repairs and specifically, maintenance of the laundry room; no records were maintained by the superintendent relating to maintenance calls (*Id.* at pp. 25, 33, 35-36, 63-64). Gross had no knowledge of Plaintiff's fall and did not perform an investigation into same (*Id.* at pp. 48, 43, 50). A deposition was conducted with Denise Savino, President of Automatic Industries, Inc., who confirmed that her company provided and maintained laundry equipment for the subject premises (NYSCEF Doc. 41, Exhibit G). Ms. Savino testified that she was only present at the subject location prior to the installation of the equipment to prepare a proposal (*Id.* at p. 34). She testified generally that a team member would visit the subject premises once a month to collect the cash from the machines and check the equipment (*Id.* at pg. 16).

## Law

Pursuant to CPLR 3212, "[a] motion [for summary judgment] shall be granted if . . . the cause of action . . . [is] established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." (CPLR 3212 [b]; *Rodriguez v. City of New York*, 31 N.Y.3d 312 [2018].) The motion for summary judgment must also "show that there is no defense to the cause of action." (*Id.*). The party moving for summary judgment must make a *prima facie* showing that it is entitled to summary judgment by offering admissible evidence demonstrating the absence of any material issues of fact and it can be decided as a matter of law (CPLR § 3212 [b]; *see Jacobsen v New York City Health and Hosps. Corp.*, 22 N.Y.3d 824 [2014]; *Brill v City of New York*, 2 N.Y.3d 648 [2004]). In deciding a summary judgment motion, the court does not make credibility determinations or findings of fact. Its function is to identify issues of fact, not to decide them. (*Vega v. Restani Constr. Corp.*, 18 N.Y.3d 499, 505 [2012]). Once a *prima facie* showing has been made, however, the burden shifts to the non-moving party to prove that material issues of fact exist that must be resolved at trial (*Zuckerman v. City of New York*, 49 N.Y.2d 557 [1980]).

To find a defendant liable for a plaintiff's injuries, the plaintiff must present evidence showing the existence of a dangerous or defective condition and that the defendant either created the condition or had actual or constructive notice of the condition and failed to remedy it within a reasonable amount of time

2

[* 2]

(*Davis v. Sutton*, 136 A.D.3d 731, 732-733 [2d Dept. 2016]). A defendant has constructive notice of a hazardous condition on a property when the condition is visible, apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (*Williams v. Island Trees Union Free Sch. Dist.*, 177 A.D.3d 936, 937 [2d Dept. 2019]).

To meet its burden as to constructive notice, a defendant must offer evidence as to when the accident site was last inspected before the time of the plaintiff's accident (*Ferrer v 120 Union Ave., LLC*, 205 AD3d 772 [2d Dept., 2022]). Merely referring to general cleaning practices without evidence regarding the specific inspection or cleaning of the area in question is insufficient to establish a prima facie case of lack of constructive notice (*Griffin v PMV Realty, LLC*, 181 AD3d 912 [2d Dept., 2020]). Where a defendant fails to offer evidence as to when the area in question was last cleaned or inspected prior to the plaintiff's accident, it has failed to meet its initial burden of showing lack of constructive notice, and its motion must be denied. In such a case, it is immaterial whether the plaintiff has raised a triable issue of fact (*Ahmetaj v Mountainview Condominium*, 171 AD3d 683 [2d Dept 2019]).

## Analysis

In the present case, Plaintiff alleged in her Bill of Particulars that Defendants, including movants, "failed to and/or inadequately inspected, maintained and/or repaired the laundry machines" (NYSCEF Doc. 38, Exhibit D, ¶ 6). Plaintiff testified that prior to her fall, she encountered puddles of water in the laundry room and that it was tracked into the hallway of the building (NYSCEF Doc. 39, Exhibit E at pp. 113-114). On at least one prior occasion, Plaintiff personally observed a washing machine leaking water that resulted in puddles of water on the floor of the laundry room (*Id.* at pp. 115-116). As such, for movants to sustain their *prima facie* burden, they would be required to tender evidence that would negate the allegation that they created the hazardous condition by failing to maintain the laundry equipment and that Plaintiff was injured because of its failure to perform maintenance of the laundry machines pursuant to its contractual obligation.

In regard to actual notice, the witnesses produced by Defendants testified on behalf of other personnel in each of their areas who might have had knowledge. President Savino testified that a team member would visit more frequently if they were contacted by the building or a tenant relating to an issue. (NYSCEF Doc. 41, Exhibit G at p. 17). She provided no testimony relating to whether these visits were conducted, no testimony regarding what inspections would be performed on those monthly visits, and

provided no records documenting that the inspection was performed or details concerning what was inspected. Similarly, Defendant BTG produced Steve Gross, who was the property manager for the subject location. The property manager testified that he had no knowledge of the Plaintiff's fall and did not investigate the same (NYSCEF Doc. 40, Exhibit F). He further testified that the building superintendent did not maintain any records relating to its regular maintenance schedule or requests for specific repairs (*Id*).

As to constructive notice, Defendant Automatic failed to establish when or if the washers and dryers were inspected or repaired prior to the alleged accident and thus failed to sustain their initial burden on this point. The only witness who addressed this issue was Ms. Savino, who could only state what she would have expected the service crew to have done, and not whether they did it. In that regard, Ms. Savino testified that she did not know the last time her staff serviced the subject location prior to January 6, 2021, the date of incident. (NYSCEF Doc. 41, Exhibit G at pp. 46-47). Ms. Savino further testified to the general procedure which included a team member visiting the building once every thirty days to collect the cash from the machines and check on the machines (*Id.* at p. 16). She testified that a team member would visit more frequently if they were contacted by the building or a tenant relating to an issue (*Id.* at p. 17). She provided no testimony relating to whether these visits occurred, no testimony regarding what inspections would be performed on those monthly visits and provided no records documenting the inspection was performed or details concerning what would be inspected and how the inspections would be conducted.

Accordingly, Defendant failed to present a *prima facie* entitlement to summary judgment, as they have failed to submit affirmative proof that they did not create the hazardous condition and/or that they did not have actual or constructive notice of the dangerous condition. Therefore, the burden of coming forward with evidence to establish a triable issue of fact has not shifted to the Plaintiff (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Thus, Defendants' motion for summary judgment and dismissal of Plaintiff's Complaint pursuant to CPLR §3212 is DENIED.

This constitutes the decision and Order of the Court.

Dated: 11\18\2025

ENTER:

_____
HON. KERRY J. WARD, A.J.S.C.

Hon. Kerry J. Ward, A.J.S.C.